IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:24-CV-035-KDB-DCK

| | |
|---|---|
| RANDY BLACK, on behalf of himself, and as Attorney-in-Fact for BRUCE KISER, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CASE FARMS, LLC, <br><br> Defendant. | **CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER** |

**THIS MATTER IS BEFORE THE COURT** on the parties' "Joint Motion For Protective Order" (Document No. 11) filed June 6, 2024. Having carefully considered the motion and the record, the undersigned will grant the motion and enter the parties' proposed Protective Order as follows.

**IT IS HEREBY ORDERED** that:

1. Definitions.

(a) The term "Confidential Information" means any confidential or proprietary technical, financial, commercial or business information, information that constitutes a trade secret, or highly personal information.

(b) The term "Highly Confidential-Attorneys' Eyes Only Information" means any Confidential Information that is so competitively sensitive that it could cause competitive harm to that party, or a nonparty, if disclosed to another party in this action.

2. Scope.

(a) This Confidentiality Agreement and Protective Order ("Protective Order") is intended to limit a party's use or disclosure of Confidential Information and Highly Confidential-Attorney's Eyes Only Information furnished to it by any other party, or by a third party or nonparty, in connection with this action. It shall govern Confidential Information and Highly Confidential-Attorney's Eyes Only Information that is, directly or indirectly, set forth, revealed, produced, or provided: (i) in responses to discovery requests promulgated under the Federal Rules of Civil Procedure; (ii) in documents (including electronically-stored information) or things produced pursuant to, or made available for inspection in response to, a discovery request or subpoena under the Federal Rules of Civil Procedure; (iii) in depositions conducted under the Federal Rules of Civil Procedure; (iv) in connection with any other discovery taken in this action, whether pursuant to the Federal Rules of Civil Procedure, informally, or by agreement; (v) in correspondence (including attachments and enclosures) relating to this action; (vi) in submissions to or before the Court, including testimony, pleadings, briefs, exhibits and declarations; (vii) in response to any Order of the Court; and (viii) in connection with any mediation or settlement negotiation.

(b) This Protective Order has no effect upon, and shall not apply to any party's use or disclosure of its own Confidential Information or Highly Confidential-Attorney's Eyes Only Information for any purpose.

3. <u>Designations</u>.

(a) Documents. A party claiming that a document contains Confidential Information or Highly Confidential-Attorneys' Eyes Only Information shall mark "Confidential" or "Highly Confidential-Attorneys' Eyes Only" (as the case may be) on the face of the document prior to production, or otherwise notify all counsel of record in writing of the designation. Only the first page of a group or set of documents, or a series of pages, need be so marked.

(b) Interrogatory Answers. A party claiming that any answer (or part of an answer) to an Interrogatory contains Confidential Information or Highly Confidential-Attorneys' Eyes Only Information shall imprint the word "Confidential" or "Highly Confidential-Attorneys' Eyes Only" (as the case may be) next to or above any such answer to any Interrogatory, or otherwise notify all counsel of record in writing of the designation.

(c) Deposition Testimony. A party claiming that information discussed during a deposition is Confidential or Highly Confidential-Attorneys' Eyes Only shall notify opposing counsel of the same either (i) at the time of the deposition by making a statement with specificity for inclusion in the deposition transcript on the record before the close of the deposition, or (ii) within five (5) business days after receipt of the deposition transcript, by so notifying counsel for each other party in writing, identifying by page and line number the information claimed to be Confidential or Highly Confidential-Attorneys' Eyes Only. During the period between the deposition testimony and the time when the five (5) business day period after receipt of the transcript has run, all deposition transcripts shall be treated as Confidential Information in the manner provided for in this Protective Order.

(d) Electronically-Stored Information. A party claiming that electronically stored information or other information that cannot conveniently be labeled contains Confidential Information or Highly Confidential-Attorneys' Eyes Only Information shall notify opposing counsel, in writing, that such information is designated as "Confidential" or "Highly Confidential-Attorneys' Eyes Only" (as the case may be).

(e) Other Material. A party claiming that any other material is Confidential or Highly Confidential-Attorneys' Eyes Only or contains Confidential Information or Highly Confidential-Attorneys' Eyes Only shall notify opposing counsel in writing of such designation.

4. <u>Challenges to Designations</u>.

Acceptance by a party of any information, document or material designated Confidential or Highly Confidential-Attorneys' Eyes Only hereunder shall not constitute a concession that the information, document or material is confidential or highly confidential. In the event that any party to this litigation disagrees with the designation of any materials or information as Confidential or Highly Confidential-Attorneys' Eyes Only, the objecting party shall notify counsel of record for the opposing party of such objection or concerns in writing. The parties shall make a good-faith effort to resolve any disagreement regarding the designation without the necessity of the Court's intervention. If the disagreement is not resolved, the designating party shall bear the burden of filing a motion seeking relief from the Court regarding the designation within fourteen (14) days of receipt of the other party's objection. The disputed material shall be treated as designated unless and until the Court rules otherwise. The designating party's failure to file and serve a motion as provided in this paragraph shall constitute a waiver of the Confidential or Highly Confidential Attorneys' Eyes Only designation and the materials and information will no longer be so protected. The designating party shall have the burden of showing that the materials or information are properly designated as Confidential or Highly Confidential-Attorneys' Eyes Only as the case may be.

5. <u>Access to Confidential Information</u>.

(a) With respect to any material that a party designates as Confidential Information and furnishes in the course of this litigation, such Confidential Information shall not be communicated or disclosed by the recipient in any manner to anyone other than the following persons with a reasonable need to know in relation to their duties in connection with this litigation:

(i) Attorneys of record for the parties to this litigation, as well as persons employed by them;

(ii) The parties, including their officers and employees;

(iii) Affiliates of the parties, provided that any officer or employee of an affiliate who receives such information signs the Non-Disclosure Agreement attached hereto as Exhibit 1 prior to such receipt;

(iv) Outside experts and consultants, and their technical, secretarial, clerical or other personnel employees, who have, prior to receipt of such information, signed the Non-Disclosure Agreement attached hereto as Exhibit 1;

(v) Any mediator or other neutral appointed by the Court or chosen by the parties;

(vi) Witnesses with a reasonable need to know necessary to the prosecution or defense of the case who have, prior to receipt of such information, signed the Non-Disclosure Agreement attached hereto as Exhibit 1;

(vii) Stenographic and videotape court reporters engaged to record deposition testimony;

(viii) This Court and Court personnel;

(ix) Outside professional electronic discovery services and copying services, who have, prior to the receipt of such information, signed the Non-Disclosure Agreement attached hereto as Exhibit 1; and

(x) Any other person on such terms and conditions as the parties may mutually agree, or as the Court may hereafter direct by further order.

(b) All Confidential Information disclosed or furnished to persons pursuant to the terms of this Protective Order shall be treated by such persons as constituting Confidential Information,

5

held by such persons in the strictest confidence, and not divulged by such persons, either verbally or in writing, to any other person except those categories of persons identified in subparagraphs 5(a) (i)-(x) above for purposes associated with the litigation.

(c) All persons to whom Confidential Information is disclosed or furnished pursuant to the terms of this Protective Order shall use such Confidential Information solely for the purpose of this litigation and not for any business or other purposes whatsoever.

6. <u>Access to Highly Confidential-Attorneys'-Eyes Only Information.</u>

(a) With respect to any material that a party designates as Highly Confidential-Attorneys' Eyes Only Information and furnishes in the course of this litigation, such Highly Confidential-Attorneys' Eyes Only Information shall not be communicated or disclosed by the recipient in any manner to anyone other than the following persons with a reasonable need to know in relation to their duties in connection with this litigation:

(i) Attorneys of record for the parties to this litigation, as well as persons employed by them;

(ii) Outside experts and consultants, and their technical, secretarial, clerical or other personnel employees, who have, prior to receipt of such information, signed the Non-Disclosure Agreement attached hereto as Exhibit 1;

(iii) Any mediator or other neutral appointed by the Court or chosen by the parties;

(iv) Persons shown on the face of any document to have authored or received it;

(v) Specific employees of the parties or their affiliates to whom counsel deems it essential to show a document designated Highly Confidential-Attorneys' Eyes Only as part of the prosecution or defense of the case, provided that (a) counsel advises opposing counsel in writing what Highly Confidential-Attorneys' Eyes Only document will be

6

shown to which individual employee, (b) counsel does not transmit a copy of that document to the identified employee, but instead shows the document to the specified employee at an in-person meeting and takes the document away from the employee when the in-person meeting is concluded, and (c) the employee, prior to being shown the document, signs the Non-Disclosure Agreement attached hereto as Exhibit 1;

(vi) Stenographic and videotape court reporters engaged to record deposition testimony;

(vii) Outside professional electronic discovery services and copying services, who have, prior to the receipt of such information, signed the Non-Disclosure Agreement attached hereto as Exhibit 1;

(viii) This Court and Court personnel; and

(ix) Any other person on such terms and conditions as the parties may mutually agree, or as the Court may hereafter direct by further order.

(b) Unless otherwise agreed, parties to this action are not permitted access to the other party's documents or information marked as Highly Confidential-Attorneys' Eyes Only.

(c) All Highly Confidential-Attorneys' Eyes Only Information disclosed or furnished to persons pursuant to the terms of this Protective Order shall be treated by such persons as constituting Highly Confidential-Attorneys' Eyes Only Information, held by such persons in the strictest confidence, and not divulged by such persons, either verbally or in writing, to any other person except those categories of persons identified in subparagraphs 6(a)(i)-(ix) above for purposes associated with the litigation.

(d) All persons to whom Highly Confidential-Attorneys' Eyes Only Information is disclosed or furnished pursuant to the terms of this Protective Order shall use such Highly

7

Confidential-Attorneys' Eyes Only Information solely for the purpose of this litigation and not for any business or other purposes whatsoever.

      7. <u>Court Filings, Hearings and Trial</u>.

A party that desires to use any Confidential Information in any motions, briefs, pleadings and/or other evidentiary submissions shall be required to file a redacted version of such document and simultaneously file a motion seeking an order sealing, redacting, or otherwise protecting such Confidential Information from public disclosure (a "Motion to Seal"). Alternatively, prior to filing any document containing Confidential Information, the filing party may give the Designating Party written notice of the party's intent to use such Confidential Information at least 14 days prior to the date that the party desires to do so to provide an opportunity for (a) the Designating Party and the party that desires to use the Confidential Information to negotiate an agreement that avoids the need to file Confidential Information under seal or, in the absence of an agreement, (b) the Designating Party to file a motion seeking an order sealing, redacting, or otherwise protecting such Confidential Information from public disclosure (a "Motion to Seal"). If the Designating Party files a Motion to Seal within 14 days following receipt of such written notice, the party desiring to use Confidential Information shall (a) maintain the confidential status of the Confidential Information pending the court's ruling on the Motion to Seal and (b) use the Confidential Information only in strict conformity with the court's ruling on the Motion to Seal. If the Designating Party fails to file a Motion to Seal within 14 days of receipt of the written notice, any party desiring to use Confidential Information may use the applicable Confidential Information in any court filing or proceeding without any confidentiality protection. If the party that desires to use Confidential Information is the Designating Party, it may file a Motion to Seal without prior notice to any other party. In circumstances where it is not practicable or feasible to follow the 14-

8

Case 5:24-cv-00035-KDB-DCK   Document 12   Filed 06/06/24   Page 8 of 11

day written notice/motion requirement set forth above, the party seeking to use Confidential Information in the court may ask the court, on reasonable notice to the Designating Party, to modify such requirement as appropriate. A Party seeking to use Confidential Information in a motion, brief, pleading and/or other document may, pending a ruling by the court on a Motion to Seal or other permitted form of request, redact Confidential Information from the filed motion or brief and submit an unredacted version of such motion or brief under seal for *in camera* review.

      8. <u>Inadvertent Production or Failure to Designate.</u>

(a) An inadvertent failure to designate a document, information or material as Confidential or Highly Confidential-Attorneys' Eyes Only does not, standing alone, waive a party's right to secure protection under this Protective Order for such material. Upon discovery of an inadvertent failure to so designate, a party may give written notice to the receiving party that the document, information or material is deemed Confidential or Highly Confidential Attorneys' Eyes Only and should be treated as such in accordance with that designation under this Protective Order. Upon receipt of such notice, the receiving party must make reasonable efforts to assure that the material is treated in accordance with the terms of this Protective Order, subject to the right to challenge the propriety of such designation(s). If the receiving party has disclosed the document, information or material before receiving the designation, it must notify the designating party in writing of each such disclosure and the designating party shall provide substitute copies of documents bearing the inadvertently omitted confidentiality designation.

(b) In the event that a document is produced inadvertently that is considered by the producing party to be privileged in whole or in part, such document may be retrieved by the producing party by giving written notice to all parties (which notice shall state the nature of the privilege at issue) that the producing party claims the document, in whole or in part, to be

9

privileged. Upon receipt of such notice, all parties that have received a copy of such document shall promptly return it to the producing party and destroy any other copies thereof in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). The inadvertent disclosure of a communication or information covered by the attorney-client privilege or work-product protection will be governed by Rule 502 of the Federal Rules of Evidence.

9. Conclusion of This Action

Within ninety (90) days of final termination of this action, including all appeals, all Confidential Information and Highly Confidential-Attorneys' Eyes Only Information received by a party in discovery, including any copies, excerpts, or summaries thereof that have been prepared by the parties, their counsel, and other persons or entities retained to assist either of the parties in this litigation, shall be destroyed or returned to counsel for the disclosing party. No copies shall be retained by a non-disclosing party or other individuals retained to assist them in this litigation, except counsel may retain copies in their files and the terms of this Protective Order shall continue to apply to such copies. The language contained in this paragraph shall not preclude counsel from retaining documents constituting attorney work product as defined by applicable law, or from retaining one copy of all such documents as part of a permanent litigation file that is otherwise subject to the confidentiality restrictions set forth herein. This Protective Order shall survive the final conclusion of the action, and this Court retains jurisdiction of the parties hereto, and of any person who executes a copy of Exhibit 1, indefinitely as to any dispute between any of them regarding improper use of information discovered pursuant to this Protective Order.

Signed: June 6, 2024

**SO ORDERED**.

_____
David C. Keesler
United States Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:24-CV-035-KDB-DCK**

| | |
|---|---|
| **RANDY BLACK, on behalf of himself, and as Attorney-in-Fact for BRUCE KISER, on behalf of himself and all others similarly situated,** )<br>)<br>)<br>)<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**CASE FARMS, LLC,** )<br>)<br>**Defendant.** )<br>) | **EXHIBIT 1** |

    I have been informed by counsel that certain documents or information to be disclosed to me in connection with the above captioned matter have been designated as confidential. I have been informed that any such document or information labeled as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" are confidential by Order of the Court, and I have reviewed and understand the terms of the Stipulated Protective Order entered in the above captioned matter.

    Under penalty of contempt of Court, I hereby agree that I will comply with the terms of the Stipulated Protective Order and not disclose any information contained in such documents to any other person or entity.

DATED: _____

SIGNATURE: _____

PRINT NAME: _____

11

Case 5:24-cv-00035-KDB-DCK   Document 12   Filed 06/06/24   Page 11 of 11